UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 00-4870

HARRY RAMONE BAPTISTE,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-99-59)

Submitted: April 6, 2001

Decided: April 26, 2001

Before WILLIAMS, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Michael A. Grace, GRACE & CLIFTON, P.A., Winston-Salem, North Carolina, for Appellant. Mark T. Calloway, United States Attorney, Gretchen C. F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Harry Ramone Baptiste was convicted by a jury of one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C.A. § 846 (West 1999 & Supp. 2000) (count one), and one count of possessing with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C.A. § 841(a) (West 1999 & Supp. 2000) and 18 U.S.C.A. § 2 (West 2000) (count two). On appeal, he contends that: (1) the evidence was insufficient to support the possession conviction; (2) the district court improperly admitted evidence of an alleged unrelated drug transaction; and (3) the court did not comply with 21 U.S.C.A. § 851(b) (West 1999 & Supp. 2000). Finding no reversible error, we affirm.

A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the Government, and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and we assume that the jury resolved all contradictions in the testimony in favor of the Government. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). After reviewing the record, we find that there was sufficient evidence supporting the conviction on count two.

The district court did not abuse its discretion by admitting evidence of a July 1999 drug transaction. *See United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997)(reviewing district court's determination of the admissibility of evidence for abuse of discretion); *United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994) (holding that "evidence of uncharged conduct is not considered 'other crimes' evidence if it arose out of the same . . . series of transactions as the charged offense, . . . or if it is necessary to complete the story of the crime (on) trial") (internal quotation marks and citations omitted).

Finally, we find that the district court's failure to inquire of Baptiste at sentencing as to any challenge he may have to the felony drug conviction used to enhance his sentence did not "seriously affect[ ] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (internal quotation marks and citations omitted).

Accordingly, we affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*